## Commonwealth v. Guzzi et al.

*Liquor law — Padlocking — Nuisance — Equity — Act of March 27, 1923, sect. 6—Constitutional law.*

1. Sections 6 and 7 of the Act of March 27, 1923, P. L. 34, are constitutional.

2. Under the Act of March 27, 1923, P. L. 34, the whole building in which intoxicating liquors have been sold may be padlocked, and not merely the room or rooms in which the liquor was sold.

3. The padlocking order must be for one year, and not less, unless the owner gives bond.

Bill for injunction. C. P. Lackawanna Co., March T., 1926, No. 16.

*H. A. Scragg,* District Attorney, for Commonwealth.

*J. Memelo* and *Landau, Gronfine & Nogi,* for defendants.

WATSON, J.—From the testimony the court finds the following facts:

1. That the defendant, Anthony Guzzi, is the proprietor of a bar-room or place known as "Nos. 122 and 124 Penn Avenue," in the City of Scranton, County of Lackawanna and State of Pennsylvania, the premises described in the bill in equity, and Mary L. McHugh is the owner of said premises.

2. That one of the defendants, Anthony J. McHugh, died on April 19, 1926, and this action was discontinued against said Anthony J. McHugh as a defendant.

3. That the defendant, Anthony Guzzi, was at the time of the hearing and for a year or more prior thereto conducting a business or sale of lunches and drinks on said premises. The business was conducted in a room in the front of the building on the first floor and also in a room on the second floor. The room on the first floor is equipped with a bar, cash register and mirror, constituting what is commonly known as a bar-room. On the second floor, in the rear, there was a bar where drinks were sold, and in a side-room on the second floor a table where men came together and gambled.

4. The said bar-room was a place of public resort to which the public, or any part of the same, desiring to enter might do so, and, from the testimony, many did.

5. That the defendant, Anthony Guzzi, on the times testified to, to wit, Sept. 10, 1925, Sept. 19, 1925, and March 4, 1926, sold, by himself or his servants and employees, intoxicating liquor, to wit, whiskey, for beverage purposes, in violation of the provisions of the Act of March 27, 1923, P. L. 34.

6. That all the witnesses who bought whiskey in said bar-room and building, and who drank and consumed the same therein, from previous experiences, were familiar with the taste, smell and effect of whiskey, and knew the same to be whiskey, and the said beverages were sold to them in violation of the laws of the United States of America and the Commonwealth of Pennsylvania.

7. That intoxicating liquor and whiskey were stored, possessed and sold for beverage purposes recurrently, habitually and continuously in the bar-room and four-story brick and stone building, situate at Nos. 122 and 124 Penn Avenue, in the City of Scranton, County of Lackawanna, State of Pennsylvania, the premises described in the bill of complaint, for a period of from

Commonwealth v. Guzzi et al.

several months or a year prior to the filing of the plaintiff's bill, and that the aforesaid bar-room and four-story brick and stone building were, and are, a common nuisance within the meaning of section 6 of the Act of March 27, 1923, P. L. 34.

The court reaches the following

### Conclusions of law.

1. That sections 6 and 7 of the said Act of March 27, 1923, P. L. 34, by virtue of which this proceeding was instituted, have heretofore been held by the Supreme Court of the State of Pennsylvania to be constitutional.

2. That the plaintiff, the Commonwealth of Pennsylvania, is entitled to a permanent injunction enjoining and restraining the defendants, their agents, servants and all other persons from manufacturing, selling, offering for sale, bartering, furnishing or possessing or otherwise dispensing of any intoxicating liquor for beverage purposes in or upon the premises described in the third paragraph of said bill of complaint, the four-story brick and stone building located at Nos. 122 and 124 Penn Avenue, City of Scranton, County of Lackawanna, State of Pennsylvania.

3. That the said four-story brick and stone building located at Nos. 122 and 124 Penn Avenue, City of Scranton, County of Lackawanna, State of Pennsylvania, being the premises described in the plaintiff's bill of complaint, was, and is, a common nuisance within the meaning of section 6 of the Act of March 27, 1923, P. L. 34.

4. That the plaintiff, the Commonwealth of Pennsylvania, is entitled to a decree ordering the aforesaid nuisance to be abated, and that the defendants' four-story brick and stone building shall not be occupied or used for one year.

5. That a witness who, from previous experience, is familiar with the taste, smell and effect of whiskey, or other intoxicating liquor, is competent both to express his opinion as to whether or not the whiskey or other intoxicating liquor purchased, furnished or consumed by him was in fact whiskey or other intoxicating liquor, as the case may be, and whether or not the alcoholic content of the whiskey or other intoxicating liquor so purchased, furnished or consumed by him exceeded one-half of 1 per centum by volume.

6. That the term "whiskey" denotes intoxicating alcoholic liquor, and under the provisions of the Act of March 27, 1923, P. L. 34, it is unnecessary to prove either their alcoholic content or their fitness for beverage purposes.

7. That no property rights in the whiskey and intoxicating liquor so sold and dispensed for beverage purposes exist to the defendants, and plaintiff, the Commonwealth of Pennsylvania, is also entitled to a decree ordering that the same, together with all property, consisting of bar-room fixtures, equipment and paraphernalia used in connection with the violation of said law on said premises, be forfeited to the said Commonwealth of Pennsylvania and forthwith removed.

8. That the cost of this proceeding should be paid by the defendants.

### Discussion.

In this case an application was made by the Attorney-General of Pennsylvania, the District Attorney of Lackawanna County and the City Solicitor of Scranton for a preliminary injunction. A preliminary injunction was granted by this court on Feb. 19, 1926. The case was placed upon the equity list for final hearing on April 19, 1926. At that time the Commonwealth produced a number of State police, who swore specifically to the violation of the act of assembly. One of the defendants, Anthony Guzzi, denied any violation,

although not very emphatically, but he emphatically denied that he had ever seen the State police, the witnesses who testified they had seen him in his place. The court can come to no other conclusion except that the witnesses produced by the Commonwealth were telling the truth, and that the defendant, Anthony Guzzi, was a persistent violator of the law. Having found the facts against him, the legal conclusions follow irresistibly.

In the case of Com. v. Dietz et al., 285 Pa. 511, an appeal from Allegheny County to the Supreme Court, an opinion was handed down by the Supreme Court March 15, 1925, in which the Act of March 27, 1923, P. L. 34, is held to be constitutional. It is a complete answer to the question raised by counsel for the defendants in the present case, and it would serve no purpose to repeat what was said in that opinion.

There are but two questions which present themselves. One is, does the Act of March 27, 1923, P. L. 34, require that the whole building shall be, to use the expression, "padlocked," or is it sufficient to "padlock" the room in which the liquor was illegally sold? The other is, can the court padlock the premises for less than one year?

The 7th section of the act used the words "room, house, building, structure, boat, vehicle or place, or any part thereof," with respect to the sale of liquor. Then follow the words, "upon the decree of the court ordering such nuisance to be abated, the court may, upon proper cause shown, order that the room, house, building, structure, boat, vehicle or place shall not be occupied or used for one year thereafter."

The act seems to contemplate that in the case of a building, where the liquor was sold in different parts of the building, such as was done in this case, the whole building should be padlocked. The legislature certainly did not intend that, when liquor was sold in one small room of a large building, a decree of the court should be confined to the room where the liquor was sold and to no other place in the building, for, if there were fifty small rooms in the building, it might require fifty cases and fifty decrees.

Nothing in the act indicates that the term is to be less than for one year. We do know that in many cases where decrees were entered by consent, and in some New York cases, the courts have made the term for a less period; some cases three months; some six months. In the present case the period should certainly not be less than one year, under the evidence. However, the term might be shortened, for the closing provision of the 7th section of the act provides that if the court approves, and if the owner gives bond, the premises may be permitted to be used by him for other purposes. Decree nisi.

## Opinion on exceptions.

After the decree nisi was entered, the attention of the court was called by counsel for both sides to the fact that the building erected upon the lot referred to in the proceedings had been incorrectly described in the bill, in the findings of fact, in the conclusions of law and in the decree nisi as a "four-story brick and stone building," and that said building is in fact a two-story brick and stone building.

We have carefully considered the exceptions filed to the findings of fact, conclusions of law and decree nisi, and are of the opinion that they cannot be sustained. For the reasons above stated, the decree nisi is modified to read as follows:

## Decree nisi.

And now, May 24, 1926, upon consideration of the aforegoing, it is ordered, adjudged and decreed as follows:

1. That the saloon business conducted on the premises described in the bill in equity filed herein, to wit, Nos. 122 and 124 Penn Avenue, City of Scranton, County of Lackawanna, State of Pennsylvania, is hereby declared to be a common nuisance of the character defined and prohibited in sections 6 and 7 of the Act of Assembly of March 27, 1923, P. L. 34, and shall be abated.

2. That all intoxicating liquors discovered on the premises aforesaid shall be deemed contraband and be forfeited to the Commonwealth of Pennsylvania.

3. That the said Anthony Guzzi and Mary L. McHugh, defendants in this suit, and agents of them and employees, and all other persons, and each and every one of them, shall be and they are hereby perpetually restrained and enjoined from manufacturing, selling, bartering, furnishing and possessing and in any dispensing of any intoxicating liquor, as defined in section 2(a) of the Act of Assembly of March 27, 1923, P. L. 34, on the said premises, or any part thereof, or elsewhere in Lackawanna County.

4. That no property rights exist to the defendant in the property kept or used in the manufacture, sale, barter, furnishing or possession of such intoxicating liquor, and all property kept or used in maintaining said common nuisance, to wit, the bar-room fixtures, equipment and paraphernalia used in connection with the violation of said law on the said premises, is deemed contraband and forfeited to the Commonwealth and forthwith ordered to be removed.

5. That the two-story brick and stone building and premises described in the bill in equity, to wit, Nos. 122 and 124 Penn Avenue, in the City of Scranton, County of Lackawanna, State of Pennsylvania, shall not be occupied or used for any purpose for a period of one year from the date of this decree, and that the Sheriff of the County of Lackawanna shall enter upon said premises and lock and seal the said premises, and shall place on the outside thereof a conspicuous sign, reading: "Closed by order of the Court of Common Pleas of Lackawanna County, State of Pennsylvania."

6. That the Commonwealth of Pennsylvania, plaintiff herein, recover from the defendants the costs in this case.

Now, Oct. 25, 1926, the exceptions are dismissed, and the prothonotary is directed to enter the decree *nisi* as modified as the final decree.

From William A. Wilcox, Scranton, Pa.