## Commonwealth v. Eckert et al.

*Liquor laws—Injunction to abate liquor nuisance—Sufficiency of proof.*

1. The purpose of the Act of March 27, 1923, § 7, P. L. 34, is preventive, not punitive, and while the act provides that it is not necessary that the property be shown to be improperly used at the time of the hearing, there must, nevertheless, be some violation of the law shown at or about the time of the filing of the complaint.

2. Where, in proceedings enjoining the sale of liquor under the Act of March 27, 1923, § 7, P. L. 34, the evidence only shows the sale of five alleged alcoholic drinks, not so proven by analysis, but by the taste of the witnesses, more than five months before the complaint, without knowledge shown of the owner of the premises, and without evidence of further violations of law, and a different tenant being now on the premises, the bill of complaint should be dismissed.

3. An injunction is a purely preventive remedy and will not issue for past injuries; anticipated dangers or speculative apprehensions will not warrant interference by injunction; there must be no doubt of the plaintiff's right or the imminence of the danger threatened before the writ will issue.

Bill for injunction against violation of liquor laws. C. P. Lancaster Co., Equity Docket, No. 7.

*Joseph B. Wissler* and *Wilhelm F. Knauer,* for plaintiff.

*William C. Rehm, Geo. T. Hambright* and *John E. Malone,* for defendants.

LANDIS, P. J., Sept. 11, 1926.— . . . On June 17, 1926, the case came before the court on final hearing, and the following facts are now found, to wit:

### Findings of fact.

The Lancaster Security Real Estate Company is the owner of a tract of land on which are erected a hotel building and other improvements, situated in the village of New Texas, in the Township of Fulton, in the County of Lancaster. Levi C. Eckert was the tenant of said premises during the year ending April 1, 1926; but he, at the end of his lease, moved from the premises, and he did not reside thereon at the time of this hearing. It was testified by Henry Stone, a member of the State police (and it was agreed that Patrick H. Manley would corroborate him), that, on July 9, 1925, Stone and Manley went to this place and bought three glasses of whiskey, at fifty cents a glass, and that Stone and Manley and another man who was there consumed the whiskey; that, on July 10, 1925, they again went to the place and purchased two glasses of whiskey at the same price. He says the liquor was served by Eckert and the money was placed in the money-drawer. There is no proof that any liquor was sold by any one, except on these two dates, July 9th and July 10th, either before or after the filing of this bill, which was on Dec. 23, 1925. There is no evidence that the owner of the premises sanctioned the sale of this liquor or knew anything about it. No samples were taken nor analyses made. The Commonwealth's case rests solely on the sense of taste of these members of the State police.

### Conclusions of law.

The prayer of this bill is:

"1. That the said defendants, their agents, servants, subordinates and employees, and each and every one of them, and all other persons, be perpetually enjoined and restrained from using and maintaining and assisting in using and maintaining said premises as a place where intoxicating liquor is manufactured, sold, offered for sale, kept, bartered, furnished or possessed in violation of said act of assembly.

"2. That this honorable court shall forthwith issue a temporary writ of injunction, restraining the defendants, their agents, servants, subordinates and employees, and each and every one of them, and all other persons, from conducting or permitting the continuance of said nuisance upon said premises, and shall order that no intoxicating liquor shall be manufactured, sold, offered for sale, bartered, furnished or possessed in or upon said premises or any part thereof; and that said temporary injunction restrain and enjoin the defendants, their agents, servants, subordinates and employees, and each and every one of them, and all other persons, from removing or in any way interfering with the intoxicating liquor, fixtures or other things used in connection with any violation of said Prohibition Enforcement Act." (This was done by agreement of all the parties.)

"3. That this honorable court shall enter a decree directing that said premises shall not be occupied or used for one year thereafter.

"4. That this honorable court shall issue its process directed to the sheriff of the said county, commanding him forthwith to abate said public and common nuisance now existing upon said premises and to close the same and to take possession of all intoxicating liquor, fixtures and other property now used on said premises in connection with the violation constituting said nuisance, and to remove the same to a place of safe keeping to abide the further order of the court.

"5. That this honorable court shall enter a decree directing that all intoxicating liquor now on said premises shall be destroyed as contraband under the provisions of section 2 *(a)* of said act of assembly or delivered to such hospitals as may be designated.

"6. That this honorable court shall issue and grant an injunction *in personam* against the defendant, Levi C. Eckert, being the person who is the proprietor of said business conducted on said premises, perpetually enjoining and restraining him from manufacturing, selling, offering for sale, bartering, furnishing and possessing any intoxicating liquor contrary to the provisions of the said Prohibition Enforcement Act at any place within the said county."

The question before the court is, whether, under the facts which were elucidated on the hearing, such orders and decrees should be made.

The 6th section of the Act of March 27, 1923, P. L. 34, provides that "any room, house, building, boat, vehicle, structure or place where intoxicating liquor is manufactured, sold, offered for sale, bartered, furnished or possessed in violation of this act, and all intoxicating liquor and property kept or used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor, and, upon conviction thereof, shall be subject to the penalties hereinafter provided." Section 7 enacts that "an action to enjoin any nuisance defined in this act may be brought in the name of the Commonwealth of Pennsylvania by the Attorney-General of the State, or by the district attorney of the respective county, or by the solicitor of any municipality. Such action shall be brought and tried as an action in equity and may be brought in any

Commonwealth v. Eckert et al.

court having jurisdiction to hear and determine equity cases within the county in which the offence occurs. . . . It shall not be necessary for the court to find the property involved was being unlawfully used, as aforesaid, at the time of the hearing, but, on finding that the material allegations of the petition are true, the court shall order that no intoxicating liquor shall be manufactured, sold, offered for sale, bartered, furnished or possessed in such room, house, building, structure, boat, vehicle or place, or any part thereof. Upon the decree of the court ordering such nuisance to be abated, the court may, upon proper cause shown, order that the room, house, building, structure, boat, vehicle or place shall not be occupied or used for one year thereafter; but the court may, in its discretion, permit it to be occupied or used if the owner, lessee, tenant or occupant thereof shall give bond, with sufficient surety, to be approved by the court making the order, in the penal and liquidated sum of not less than $500, payable to the Commonwealth of Pennsylvania, for use of the county in which said proceedings are instituted, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, offered for sale, bartered, furnished, possessed or otherwise disposed of therein or thereon, and that he will pay all fines, costs and damages that may be assessed for any violation of this act upon said property." The constitutionality of this act was raised in Com. v. Dietz, 285 Pa. 511, and these provisions of it were sustained by the Supreme Court. But it is manifest that its purposes are preventive in character, and, in that case, one of the main allegations of the bill, which was admitted by a demurrer filed, was that liquor for beverage purposes had been sold in the bar-room, but that the defendants, though notified by proper public officials that they were maintaining a common nuisance, and if they did not abate it, application would be made for an injunction to that end, still persisted in the violation of the law.

Here the situation is different. There is no evidence that liquor was sold on the premises in question within five months of the filing of this bill. I do not think that the Supreme Court meant that because at some time liquor was sold on the property occupied by a defendant, a decree must be entered for the Commonwealth. The act itself says that "it shall not be necessary for the court to find the property involved was being unlawfully used . . . at the time of the hearing," but surely there must appear some violation or threatened violation of the law at or about the time of the filing of the complaint. The purpose of the proceeding is preventive and not punitive. In McDonough v. Earnshaw, 2 Pears. 191, it was held that "an injunction will not be granted on account of past injuries, but as a means of prevention in the future;" and in Schuylkill Traction Co. v. Shenandoah, 9 Dist. R. 77, that "an injunction is a purely preventive remedy and will not issue for past injuries; anticipated dangers or speculative apprehensions will not warrant interference by injunction; there must be no doubt of the plaintiff's right or the imminence of the danger threatened before the writ will issue." The same principle seems to us to apply to the present case. The violation of the law occurred more than a year ago, and, so far as the evidence shows, has not since been repeated. Nor can it be in the future, because Eckert, who is alleged to have sold five drinks to the members of the State police, no longer occupies the premises. Under the facts presented by the plaintiff, it seems to us that this proceeding should never have been begun. We do not think it has any foundation, and that, for this reason, the bill should be dismissed, at the costs of the plaintiff.

The following decree is ordered to be entered:

And now, Sept. 11, 1926, the bill of complaint filed in this case is dismissed, at the costs of the plaintiff.

From George Ross Eshleman, Lancaster, Pa.