# Commonwealth ex rel. Brown v. Marino et al., Appellants.

*Liquor laws—"Padlocking"—Injunctions—Temporary injunctions—Nuisances—Scope of temporary injunction authorized by Act of March 27, 1923, P. L. 34.*

In a proceeding for an injunction under sections 6 and 7 of the Prohibition enforcement Act of March 27, 1923, P. L. 34, the court is without authority, in issuing a temporary injunction restraining the use of the premises in violation of law until final disposition of the case, to include an order abating the alleged nuisance and depriving the defendants of the use and possession of their property in the meantime.

Argued April 20, 1927. Appeal No. 194, April T., 1927, by defendants from decree of C. P. Fayette County, sitting in equity, No. 1275, in the case of Commonwealth of Pennsylvania ex rel. E. D. Brown, District Attorney, Fayette County v. Pietro Marino, Tony Paris and Frank Zacharias. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Modified.

Bill in equity under the Act of March 27, 1923, P. L. 34, for the abatement of a nuisance. Before HUDSON, J.

The facts are stated in the opinion of the Superior Court.

The court ordered, before final hearing, that the nuisance be abated and that the premises were not to

be occupied or used pending final disposition of the case. Defendants appealed.

*Error assigned,* among others, was the order of the court.

*Anthony Cavalcante,* of *Byrne and Cavalcante,* and with him *N. W. Rosenberg,* for appellants, cited: Farmer's R. R. Co. vs. Reno Oil Creek and Pit Hole Ry. Co., 53 Pa. 224; Schlecht's Appeal, 60 Pa. 172; Chester Traction v. Philadelphia W. B. R. R. Co., 174 Pa. 284; Commonwealth v. Katz, 281 Pa. 287.

*Wade K. Newell,* First Assistant District Attorney, and with him *E. D. Brown,* District Attorney, for appellees.

Opinion by Linn, J., July 8, 1927:

This is an appeal from a temporary injunction granted under Sections 6 and 7 of the Prohibition Enforcement Act of March 27, 1923, P. L. 34. The district attorney of Fayette County, in the name of the Commonwealth, filed a bill alleging that appellants were in possession and control of described premises known as the Kelly House, in Connellsville, Fayette County, in which they manufactured, possessed, sold and offered for sale intoxicating liquor, thus maintaining a common nuisance as defined and prohibited by the act. He prayed for a rule on appellants to show cause why a temporary injunction should not be granted (1) restraining the continuation of the alleged nuisance until final hearing, (2) restraining defendants and others from removing or in any manner interfering with the alleged nuisance, (3) restraining the further manufacture, sale, and possession of liquor in any part of the premises, (4) praying that upon hearing the court order the intoxicating liquor and property designed for the use and sale thereof to be forfeited

COM. ex rel. BROWN *v.* MARINO et al., Appels.    203

201, (1927).]    .    Opinion of the Court.

to the Commonwealth, (5) for an order that the premises "shall not be occupied or used for any purpose for one year thereafter." On that rule, evidence was taken on behalf of the Commonwealth and it was ordered, inter alia, that the nuisance maintained in the premises be abated forthwith, and that the premises "shall not be occupied or used pending the further order of the court and the final disposition of the case, this decree to continue in effect as a preliminary injunction."

Appellants contend that the decree orders more than the court was empowered to order on the application for a preliminary or, (as the statute describes it) temporary injunction. Their statement of questions involved complains of only two parts of the decree, to which, under rule 50, we limit our consideration: first, that appellants are ordered to abate the alleged nuisance before the conclusion of the proceeding; second, that they are excluded from their premises before final hearing.

Section 6 of the act provides that property "where intoxicating liquor is manufactured, sold, offered for sale, bartered, furnished, or possessed, in violation of this act, and all intoxicating liquor and property kept or used in maintaining the same, is hereby declared to be a common nuisance......" Section 7 provides that "An action to enjoin any nuisance, defined in this act, may be brought in the name of the Commonwealth ........by the district attorney of the respective county ......[and]........shall be brought and tried as an action in equity, and may be brought in any county in which the offense occurs. If it is made to appear by affidavit, or otherwise, to the satisfaction of the court that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the proceeding. If a tem-

204    COM. ex rel. BROWN *v.* MARINO et al., Appels.

Opinion of the Court.    [91 Pa. Superior Ct.

porary injunction is prayed for, the court may issue an order restraining the defendant, and all other persons, from removing or in any way interfering with the intoxicating liquor or other things used in connection with the violation of this act constituting such nuisance. No bond shall be required in instituting such proceeding. It shall not be necessary for the court to find the property involved was being unlawfully used, as aforesaid, at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no intoxicating liquor shall be manufactured, sold, offered for sale, bartered, furnished, or possessed in such [premises] ...... Upon the decree of the court ordering such nuisance to be abated, the court may, upon proper cause shown, order that the [premises] shall not be occupied or used for one year thereafter. ......''

The Legislature had the power to define what a common nuisance is and to prescribe such procedure for its abatement: Com. v. Dietz et al., 285 Pa. 511, and in doing so it has defined precisely what restraint may be imposed by temporary injunction, and what may subsequently be done by the court on final hearing of the issues presented by the pleadings and such evidence as may be offered. The ''action shall be brought and tried as an action in equity'' is the mandate of the statute. Equitable procedure provides for the interference of a chancellor prior to final hearing on a showing that the necessities of the case require it, and the granting or refusing of such preliminary relief is discretionary: 14 R. C. L. p. 307, Sec. 5; p. 312, Sections 11 &c.; Richards' App., 57 Pa. 105; Audenried v. R. R. Co., 68 Pa. 370; 32 C. J. 29, and this is recognized in the statutory authority to grant temporary relief on a showing ''to the satisfaction of the court that such nuisance exists.'' The difference between such preliminary action, usually had before a defendant

COM. ex rel. BROWN *v.* MARINO et al., Appels. 205

201, (1927).]                Opinion of the Court.

answers, and the final disposition after an answer has
put the case at issue, is fundamental and is reflected in
the statutory phraseology used to designate the charac-
ter of the chancellor's act. A preliminary injunction
(the word temporary in the statute is significant) re-
strains the continuance of the wrong shown to exist by
the prima facie case made on the motion for the tem-
porary injunction: Audenried v. R. R. Co., supra;
Fredericks v. Huber, 180 Pa. 572; it is issued not to
destroy but to preserve the status quo as far as pos-
sible, pending the determination of the suit. This dis-
tinction is so well settled that discussion is unneces-
sary, and it is incorporated in section seven; see Com.
v. Simon, 6 D. & C., 93. It is also obvious that the def-
inite expression of the power granted by the statute
marks the limit of the court's action; the court is not
authorized to go beyond what is so defined.

We come, then, to the questions involved. Appel-
lants' first complaint is that the temporary injunction
orders the abatement of the nuisance before the 'con-
clusion of the proceeding.' The statute provides "If
it is made to appear by affidavit, or otherwise, to the
satisfaction of the court that such nuisance exists, a
temporary writ of injunction shall forthwith issue re-
straining the defendant from conducting or permitting
the continuance of such nuisance until the conclusion
of the proceeding." As the injunction appealed from
obviously went further than the statute, it shall be
modified by striking out the order of abatement and
substituting an order in conformity with the statute,
and in conformity with the first prayer for relief
quoted above, restraining appellants from conducting
or permitting the continuance of such nuisance until
the conclusion of the proceeding. There is perhaps
little difference in practical effect between ordering the
immediate abatement of the nuisance by the temporary
injunction and restraining the continuance of such nui-

206    COM. ex rel. BROWN. v. MARINO et al., Appels.

Opinion of the Court.    [91 Pa. Superior Ct.

sance until the conclusion of the proceedings and we should not sustain the appeal if this were the only point involved, preferring in that event, to interpret the abatement order in the temporary injunction as an order within the statute, effective until the conclusion of the proceedings; we refer to it now only because the other point raised on the appeal requires a modification. Before leaving this, however, we may also say that if it appear on the hearing for temporary restraint, that abatement must in all likelihood ultimately follow, the court in the exercise of its general control of litigation, may order the case down for final hearing as soon as the answer provided for in the equity rules, comes in. The docket entries show that this bill was filed November 30; the hearing on the application for temporary restraint did not take place until January 8, 1927; the answer was filed January 10, 1927; the temporary injunction was not granted until March 7, 1927; by that time, other business of the court permitting, the case might have been finally heard and disposed of on the merits.

The important complaint is that appellants were deprived of the use and possession of their property before the final hearing. When an order to abate the nuisance is made, that order ends it, disposes of it finally; it is in marked contrast with temporary restraint, the purpose and effect of which have been described. As the statute in defining what may be done by temporary injunction does not authorize an order putting a party out of his property until after final hearing ('padlocking' the property, as it has been called, Com. v. Dietz, supra), the decree must be modified by striking out the offending paragraph complained of.

The learned district attorney relies on Com. v. Katz, 281 Pa. 287, as authorizing the decree, but we cannot accept his construction of the opinion cited. In that

COM. ex rel. BROWN *v.* MARINO et al., Appels. 207

201, (1927).]          Opinion of the Court.

case the court below made a decree prohibiting the use or occupation of the building in' question for one year, and then subsequently, as the Supreme Court states, modified its order, by providing that the decree "should continue in effect as a preliminary injunction pending final disposition of the case, thus superseding the one year order." That modification, made below, left effective, as we understand it, such a temporary injunction · as the statute authorizes—nothing more, -and so apparently the Supreme Court must have understood it,—indeed, we have no doubt about it,—for there is no discussion (and on that supposition none was necessary) of the scope of the power conferred by the statutes; this is also obvious from the fact that the Supreme Court merely followed its established practice on appeal from preliminary injunctions by refraining from a discussion of the merits, leaving them to be determined after final hearing.

We sustain the complaints concerning the first and fourth paragraphs of the decree and direct that the order of abatement contained in the first paragraph be stricken out and that there be substituted therefor an order restraining the appellants from conducting or permitting the continuance of the nuisance charged in the bill until the conclusion of the proceedings; the fourth paragraph of the decree prohibiting the use and occupation of the premises in question must be stricken out; nothing else being complained of, the decree so modified is affirmed, and the record is remitted to enable the court below to put into effect the modifications of the decree specified, costs to abide the event.