Commonwealth *v.* Cohen et al., Appellants.

Argued October 14, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*B. D. Oliensis,* for appellants.

*John A. Boyle,* First Assistant District Attorney, with him *Americo v. Cortese,* Assistant District At-

torney, and *John H. Maurer*, District Attorney, for appellee.

OPINION BY HIRT, J., November 11, 1942:

A restaurant liquor license was issued to defendants for the year beginning October 31, 1941 at 1203 Cuthbert Street in Philadelphia. Under this and prior licenses the defendants conducted a tap room known as Bar Harbor Inn. Alleging continued violations of the Liquor Control Act of November 29, 1933, P. L. 15, as amended, 47 PS 744, the district attorney on July 2, 1942 brought this action in equity under art. VI, §608 of the act to enjoin the nuisance. After a full hearing on the rule for a preliminary injunction the court entered a decree enjoining the continuance of the nuisance, restraining the defendants from removing the liquor from the premises, and also prohibiting the sale of liquor pending final disposition of the proceeding. The decree did not otherwise interfere with defendants' use and enjoyment of the premises. It is conceded that the testimony is sufficient to charge them with violations of the law but defendants contend that in the preliminary decree the court exceeded its powers. It is urged that the function of a preliminary decree is merely to maintain the status quo and that the court after enjoining the nuisance and illegal sales, exceeded its power in restraining all sales including the *lawful* sale of liquor by defendants under their license from the Commonwealth.

The Act of June 16, 1836, P. L. 784, §13, 17 PS 282, gave the court the general "power and jurisdiction of courts of chancery, so far as relates to: ...... V The prevention or restraint of the commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals." Section 608 of the Liquor Control Act declares the place where liquor is sold in violation of the act and all

liquor on the premises "to be a common nuisance" and authorizes a proceeding in equity to enjoin the nuisance by preliminary injunction; under that section, also, the court may restrain the removal of "the liquor or other things used in connection with the violation of this act constituting such nuisance," pending final hearing and decree. It is for the legislature "to consider and decide the fact of what constitutes a menace to public health, [safety or morals, *Nolan, Appellant, v. Jones,* 263 Pa. 124, 106 A. 235] then to meet it by a proper remedy": *Com. v. Dietz,* 285 Pa. 511, 132 A. 572.

In general, the object of a preliminary injunction is simply preventive, to maintain things as they are until the rights of the parties can be considered and determined after a full hearing. *Audenried v. Phil. & Reading Railroad Co.,* 68 Pa. 370. Its office "is not to subvert but to maintain the existing status until the merits of the controversy can be fully heard and determined." But in an exceptional case it may be necessary "to make even preliminary injunctions mandatory." The rule is "that the status quo which will be preserved by preliminary injunction is the last actual, peaceable [and, we may add, lawful] non-contested status which preceded the pending controversy": *Fredericks v. Huber,* 180 Pa. 572, 37 A. 90. It is conceded, as it must be, that the preliminary decree in this case is proper insofar as it enjoined a common nuisance and violations of the law declared to be such by the Liquor Control Act.

A somewhat different situation would be presented if the testimony disclosed a long period of operation of defendants' business in compliance with the law followed by occasional violations. Depending upon the circumstances a court of equity might be justified in restraining further violations without interfering with the lawful conduct of the business pending final hearing. That is not the situation presented here. We are concerned with the period beginning with October

31, 1941 when the current license was granted, although there were open and flagrant violations of the law in the preceding license year. In every month of the term of the present license defendants' tap room was visited by police or enforcement officers and by others. Some of the witnesses went to the place as often as from two to five times a week over extended periods. None of them testified that he was ever in the place when the law was not being violated. The tap room was frequented by sailors and by unescorted women, many of them from the street. The place was filthy. Visibly intoxicated men and women were served with drinks. Minors were sold liquor without question. Known prostitutes were permitted to frequent the place and openly solicited patrons for immoral purposes. There were breaches of the peace and disorderly conduct. A bartender and waitresses served drinks while intoxicated. Conduct of men with women and girls who frequented the place was lewd, lascivious and disgusting. The defendants countenanced and encouraged these practices. The opinion of the chancellor after referring to these violations recites: "The above conditions prevailed for many months prior to the filing of the bill in equity in this case and the evidence shows that they were the usual and customary conditions under which the premises were maintained." This conclusion is justified.

Both the Commonwealth and the defendants produced testimony at the hearing on the rule as fully as if the matter were before the court on final hearing. The preponderance of the evidence overwhelmingly establishes regular and systematic violations of the liquor law. The standard was lowered to that of the class of patrons who frequented the place. Defendants' business was the sale of liquor both legally and illegally but violation of the law was the rule and not merely the exception. The police on two occasions raided the place without effect upon defendants' subsequent con-

duct. It is clear from the testimony that these illegal practices were continuous throughout the license period up to the time of hearing. There was, therefore, no lawful status preceding the present controversy which the court was bound to respect and maintain. For this reason the preliminary injunction enjoining the sale of liquor was proper.

Decree affirmed at defendants' costs.