## Commonwealth v. Dranga

*Bailey and Critchfield,* for appellant.

*C. K. Reichman,* for Commonwealth.

JONES, J., December 2, 1949.—This case came before us on appeal from summary conviction before a justice of the peace in the Borough of Braddock, wherein defendant was charged with violation of the Act of April 24, 1913, P. L. 114, sec. 1, 43 PS §251, known as the Wage Act; and was fined the sum of $100 and costs.

Prosecutor, one Harry Thomas, charged that defendant wilfully refused to pay him the wages earned in the mining of coal near the community of Universal, this

county. Defendant denied that there is any money due, but said that prosecutor was not to be paid in cash, but in kind, to wit, coal mined by him. We did not believe defendant's story and found him guilty, and fined him the sum of $100, together with costs.

No question was raised as to the constitutionality of the Wage Act of 1913, supra, at the time of hearing. Subsequently, defendant filed a petition in this court, asking for reconsideration, first, on the ground that the court was in error in the factual determination of guilt; and second, that the Act of April 24, 1913, P. L. 114, was unconstitutional.

Both the District Attorney of Allegheny County, and the Attorney General of Pennsylvania have been notified that the constitutionality of the Wage Act of 1913 has been questioned.

We are entirely satisfied that our finding of guilty, based upon the testimony before us, was correct, and refuse the petition of defendant for reconsideration of the verdict of guilty, on this ground. The second question, as to the constitutionality of the Wage Act, in our opinion raises a substantial question of law.

The Act of April 24, 1913, P. L. 114, states: "Any person, firm or corporation that shall violate any of the provisions of this Act shall be guilty of a misdemeanor and upon conviction thereof before any magistrate, alderman or justice of the peace of the proper county shall be sentenced to pay a fine not exceeding $100.00."

Prior to the adoption of the Constitution of 1874, article I, sec. 6, misdemeanors were treated, with felonies, as crimes. There is no record of misdemeanors prior to the Constitution of 1874 being tried, other than by a jury, after information and presentment to a grand jury, together with a true bill of indictment. In the instant act, the legislature defines this as a "misdemeanor", and makes no provision whatsoever for trial by jury.

There is no authority in Pennsylvania, under our existing Constitution, for a magistrate, without jury, to try a misdemeanor, and the legislature cannot confer such power upon any magistrate, justice of the peace or alderman, nor upon any judge of any court of record, unless before the latter it be with the consent of defendant to waive the trial by jury. The Constitution specifically provides (article I, sec. 6) : "Trial by jury shall be as heretofore, and the right thereof remain inviolate", as heretofore a misdemeanor could only be tried by jury. "Heretofore" means prior to 1874.

We are mindful of a line of cases that permits the legislature in setting up any offenses not heretofore contemplated, to be tried summarily, without jury, and had the legislature defined the offenses that it intended to punish in the instant act, as a summary conviction, then we believe that the requirements of the Constitution would have been met, but there is the plain word "misdemeanor": Premier Cereal & Beverage Co. v. Pennsylvania Alcohol Permit Board et al., 292 Pa. 127; Commonwealth v. Dietz et al., 285 Pa. 511; Simpson v. Neill, 89 Pa. 183.

It is the duty of the courts to resolve any doubt in favor of the constitutionality of an act and to uphold its constitutionality if at all possible. Nevertheless, this rule must give way to the fundamental rule of law that when the legislative language is clear, the courts cannot supply or add a meaning other than the plain intention of the legislature: English et al. v. Robinson Township School District et al., 358 Pa. 45. The language of the legislature clearly failed to provide a trial by jury, after indictment, which is guaranteed by the Constitution. In the face of this plain language we cannot engage in the field of speculation. Such acts of the judiciary would be a plain usurpation of the legislative function intended in the Constitution solely for the legislature.

We hereby declare the Act of April 24, 1913, P. L. 114 unconstitutional and in violation of article I, sec. 6 of the Constitution of Pennsylvania of 1874, and all convictions thereunder are void.