# Ashinsky *v.* Levenson, Appellant.

*Nuisance—Interference with public worship—Equity—Jurisdiction—Church law—Presumption—Injunction—Decree.*

1. An injunction will lie to enjoin interference with or trespassing on property used for divine service; as the entire value of such property consists in its free and undisturbed use and enjoyment for religious worship, no mere pecuniary damages furnish any compensation to a religious society for repeated and constant acts of trespass upon its property and temporalities.

2. A member of a religious congregation, and a pew-holder in the church building owned by the congregation, is not authorized to enter the building and by unlawful and scandalous conduct deprive the congregation of the use of the property for public worship, and prevent the minister and congregation from making use of it for that purpose.

3. There is no presumption that the laws of the church oust the jurisdiction of the civil courts to remedy such an evil, and if invoked by either side of the controversy they must be established by proof.

4. In a suit in equity brought by a Jewish rabbi and his congregation to enjoin defendant, a member of the congregation and a pew-holder in their building, from entering into the synagogue or premises of the congregation and from insulting, molesting, approaching, accosting, or in any way speaking to the rabbi, defendant contended that the laws of the congregation and of the Jewish church ousted the jurisdiction of the civil court from remedying such injury, but offered no proof of such laws. Defendant contended also that plaintiff had an adequate remedy at law, and that equity had no jurisdiction. The lower court awarded an injunction as prayed for in the bill. *Held,* that an injunction was properly granted but the decree was modified by striking therefrom that part thereof enjoining defendant from insulting or molesting the rabbi near the premises of the synagogue or in a public street.

*Equity jurisdiction—Wrongs to person—Criminal or illegal acts.*

5. Equity is concerned only with questions which affect property, and it exercises no jurisdiction in matters of wrongs to the person or to political rights, or because the action complained of is merely criminal or illegal. But where property rights are involved, it is well settled that a series of even criminal acts will not prevent equity from restraining them if the remedy at law is inadequate.

Argued Oct. 10, 1916.   Appeal, No. 57, Oct. T., 1916, by defendant, from decree of C. P. Allegheny Co., Oct. T., 1915, No. 893, in equity, awarding an injunction, in case of Aaron M. Ashinsky and Beth Jacob Congregation v. Elias E. Levenson.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Modified and affirmed.

Bill in equity for an injunction. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

The court on final hearing awarded an injunction restraining defendant from entering into the synagogue or premises of the Beth Jacob Congregation and from insulting, molesting, approaching or accosting or in any way speaking to Rabbi A. M. Ashinsky, in the synagogue or on or near the premises thereof or in the public streets. Defendant appealed.

*Errors assigned* were exceptions to findings of fact and law and the decree of the court.

*F. C. McGirr,* for appellant.—In the absence of action by the synagogue expelling or excommunicating the defendant, he ought not to be restrained from entering its building or premises.

The plaintiff's remedy was at law.

*Charles H. Sachs,* for appellee.—The court has jurisdiction to grant an injunction even though a nuisance is also a criminal offense: Brown et al. v. Painter et al., 3 Northampton 274; In re Debs, 158 U. S. 564, J. K. & W. H. Gilcrest Co. et al. v. Des Moines et al., 102 N. W. Repr. 831.

Rabbi Ashinsky is entitled to an injunction against defendant to prevent him from molesting or insulting him even outside of the church: Socher's App., 104 Pa. 609; Appeal of The Brush Electric Co. et al., 114 Pa.

574; Bank of Virginia v. Adams, 1 Pars. 534; Ex parte Warfield, 40 Tex. Cr. 413.

It is not material that no financial loss is shown by complainants: Commonwealth v. Pittsburgh & Connellsville R. R. Co., 24 Pa. 160; Philadelphia Ball Club, Ltd., v. Lajoie, 202 Pa. 210; Tuigg v. Treacy, 104 Pa. 493.

OPINION BY MR. JUSTICE MESTREZAT, January 8, 1917:

The learned court below has found and clearly stated all the facts. The plaintiffs are Rabbi Aaron M. Ashinsky and the Beth Jacob Congregation, and the defendant is a member of the congregation which worships in a synagogue owned by it, situated at the southwestern corner of Epiphany and Townsend streets, in the City of Pittsburgh. The bill prays that an injunction be granted enjoining and restraining the defendant (1) from entering into the synagogue or premises of the Beth Jacob Congregation, and (2) from insulting, molesting, approaching, accosting, or in any way speaking to Rabbi A. M. Ashinsky. The learned court entered a decree restraining the defendant from entering into the synagogue or upon the premises of the Beth Jacob Congregation and from "insulting or molesting Rabbi A. M. Ashinsky in the synagogue or on or near the premises thereof, or in the public streets." No question as to the form or sufficiency of the pleadings is raised on the record.

The facts are not in dispute, and a very brief consideration of the case will show that the court was clearly warranted in granting the first prayer of the bill and enjoining the defendant from entering into the synagogue or on the premises of the congregation. The congregation is a corporation for the purpose of the support of public worship according to the faith, doctrine and usage of the orthodox Jewish religion. The defendant on numerous occasions during several years prior to filing the bill entered the synagogue, called the rabbi vile names, caused great disorder, and created such disturbances during public worship as to seriously interfere

therewith and to prevent religious services from being conducted. Members of the congregation frequently requested him to behave himself properly in the synagogue, but their efforts were in vain. These and many other acts of like character, during the last three years at least, disclosed the intention of defendant, by his persistent and continuous illegal conduct, to prevent the plaintiff congregation from using their property for religious worship for which it was procured and is now held. Unless a chancellor protects the plaintiff, it is clear that the congregation will be deprived of the use and enjoyment of its property. In such case, there is no adequate remedy at law for the unlawful acts of the defendant which have been constantly recurring and threaten to continue; and equity clearly has jurisdiction, as declared in numerous decisions of this court, to entertain the bill and enter such decree as will effectively protect the congregation in the use and enjoyment of its property. In Sparhawk v. Union Passenger Ry. Co., 54 Pa. 401, 421, THOMPSON, J., delivering the opinion, says: "Injury to property, with reference to its reasonable and ordinary use, by continuous hurtful acts, constitutes a nuisance undoubtedly, and may properly be the subject of equity jurisdiction, not only to redress the injured party by restraining the injurious acts, but in some cases by compelling the wrongdoer to make amends for the injury done. In such a case the applicant for redress by injunction must establish a clear case of 'irreparable injury' likely to ensue as the consequence of the continuance of such acts." It is well settled that a series of acts although criminal will not prevent equity from restraining them if the remedy at law is inadequate: Klein v. Livingston Club, 177 Pa. 224, 228; Flaccus v. Smith, 199 Pa. 128; 22 Cyc. 775. In Wisconsin it has been distinctly ruled that an injunction will lie to enjoin interference with or trespassing on property used for divine service: Trustees of the German Evangelical Congregation of New Elm v. Hoessli, 13 Wis. 348. The reason

VOL. CCLVI—2

for not putting the plaintiff to his action at law, and for granting equitable relief in such cases, is stated by the learned court as follows (p. 355) : "For would any mere pecuniary damages furnish any compensation to a religious society for repeated and constant acts of trespass upon its property and temporalities? Most clearly not. The entire value of such property consists in its free and undisturbed use and enjoyment for religious worship. Considering, therefore, the nature of this property, the use and purpose to which it is dedicated, the mischief arising from acts of trespass upon it, and the insufficiency of the ordinary legal remedies, we must say that, in our opinion, the complaint states a proper case for an injunction."

If the jurisdiction of the court was ousted and the defendant should have been dealt with by the laws of the church, as his counsel claims, he should have shown the existence of such laws. There is no presumption that such laws exist, and, if invoked by either side of the controversy, they must be established by proof: Tuigg v. Treacy, 104 Pa. 493.

We cannot assent to the suggestion of the defendant's counsel that, as the defendant is a member of the congregation and a pew-holder, the decree enjoining him from entering the synagogue is, in effect, pronouncing a sentence of excommunication. So far as the record discloses he is still a member of the congregation, and the decree does not affect him as such. But this fact does not authorize him to enter the synagogue and by unlawful and scandalous conduct deprive the congregation of the use of the property for public worship, and thereby prevent the officiating rabbi and the congregation from making use of it for that purpose. His membership does not confer authority upon him to violate the laws of the church and of the Commonwealth.

We think the learned court erred in enjoining the defendant from insulting or molesting the rabbi near the premises of the synagogue, or in the public streets, and

to that extent the decree must be modified.   If the rabbi is insulted or molested by the defendant, the law provides an adequate remedy, and he must resort to it for his protection.   The legal remedies for such offenses are well understood and are constantly invoked by the wronged party.   Equity will not enjoin the commission of the alleged offense, as is well settled by all the authorities.   Mr. Bispham (Bispham's Equity, 9 Ed., p. 64) says: "Equity is concerned only with questions which affect property, and it exercises no jurisdiction in matters of wrongs to the person or to political rights, or because the act complained of is merely criminal or illegal" (Citing Sparhawk v. Union Passenger Ry. Co., 54 Pa. 401).

The decree must, therefore, be modified by striking therefrom that part thereof enjoining and restraining the defendant from insulting or molesting Rabbi Aaron M. Ashinsky near the premises of the synagogue, or in the public streets.   As thus modified, the decree is affirmed.