## Matthews v. Manness

*Welles, Mumford & Stark*, for plaintiff.
*Cole B.* and *John H. Price*, for defendant.

LEWIS, J., March 9, 1932.—The plaintiff filed her bill in equity setting forth that she was the divorced wife of Stanley M. Manness; that she is a nurse by profession; that the defendant has caused her annoyance by telephoning, calling upon her, using vile, abusive language and other indecent actions disturbing her peace, and, also, that the plaintiff has custody of their child and that the defendant threatens to interfere with the plaintiff's lawful custody of the child, notwithstanding that he has failed to contribute towards her support, and prays for equitable relief restraining the defendant from annoying or molesting the plaintiff, her friends and acquaintances in such a way as to jeopardize her chances of gaining employment, and also restraining the defendant from interfering with the plaintiff's care and custody of her child and ordering the defendant to pay a monthly allowance for the support of the said child.

The defendant has filed ten reasons or objections, setting forth reasons why the bill in equity should be dismissed. We will only consider the first reason, which is as follows:

"1. Upon the facts averred, plaintiff has a full, complete and adequate remedy at law."

We think the point is well taken under the Act of March 21, 1806, 4 Sm. Laws 326, Sec. 13, which provides as follows:

"In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts, shall be strictly pursued, and no penalty shall be inflicted or any thing done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

We are of the opinion that the criminal statutes are adequate to deal with the relief sought in the bill filed. In a somewhat similar case decided in the Supreme Court, Ashinsky v. Levenson, 256 Pa. 14, 18-19, it says:

"We think the learned court erred in enjoining the defendant from insulting or molesting the rabbi near the premises of the synagogue, or in the public

streets, and to that extent the decree must be modified. If the rabbi is insulted or molested by the defendant, the law provides an adequate remedy, and he must resort to it for his protection. The legal remedies for such offenses are well understood and are constantly invoked by the wronged party. Equity will not enjoin the commission of the alleged offense, as is well settled by all the authorities. Mr. Bispham (Bispham's Equity, 9 ed., page 64) says: 'Equity is concerned only with questions which affect property, and it exercises no jurisdiction in matters of wrongs to the person or to political rights, or because the act complained of is merely criminal or illegal.' (Citing Sparhawk *v.* Union Passenger Ry. Co., 54 Pa. 401.)"

To open the courts of equity in cases of this kind would transform the equity court into a domestic relations court. We feel, under the act of assembly and Supreme Court decisions, that this bill should be dismissed.

Now, therefore, March 9, 1932, the preliminary objections to the bill are sustained, and the same is ordered dismissed.

From William A. Wilcox, Scranton, Pa.