J-A30027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GLENN R. NOBLIT AND MARILYN M. NOBLIT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| RANDY L. WOLFE AND JANET A. GREENE, | |
| Appellees | No. 606 MDA 2016 |

Appeal from the Order Entered March 10, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2015-CV-04168-CV

BEFORE:  BOWES, OLSON and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 14, 2017**

Appellants, Glenn R. Noblit and Marilyn M. Noblit, appeal from the order entered on March 10, 2016, which sustained the preliminary objections filed by Randy L. Wolfe (hereinafter "Defendant Wolfe") and Janet A. Greene (hereinafter "Defendant Greene") (hereinafter, collectively "the Defendants"), and dismissed Appellants' complaint with prejudice.  We vacate and remand.

Appellants instituted the current action on May 28, 2015, by filing a complaint for a permanent injunction against the Defendants.  Specifically, Appellants requested that the trial court issue a permanent injunction against the Defendants and enjoin the Defendants from interfering with

Appellants' ownership interest in a private road (hereinafter "the Private Road"). Appellants' Complaint, 5/28/15, at 1.

Within the complaint, Appellants averred that they own the Private Road. *Id.* at ¶ 5. Moreover, Appellants alleged that, for over two years, the Defendants have engaged in a course of conduct that has interfered with Appellants' quiet use and enjoyment of the Private Road. According to Appellants, this course of conduct has included harassing, intimidating, and offensive actions, made by the Defendants and directed towards Appellants, Appellants' relatives, and Appellants' invitees. *See id.* at 1-9. As Appellants averred, these actions included:

> (1) "On or about the week before Thanksgiving 2012, the invitees of [Appellants], their son and grandchildren, were to place 'No Trespassing' signs regarding hunters, whereupon they were stopped by [the Defendants] and were told they were not allowed on the very 'Private Road' they had full legal right to";
>
> (2) "On or about the week after Thanksgiving, 2013, while [Appellants'] son[] was traveling on [Appellants'] Private Road, Defendant Greene came screaming out and [] attempted to stop [Appellants' son] from proceeding";
>
> (3) In 2015, the Defendants "continued to call and harass" Appellants' surveyor, Anthony Trost [(hereinafter "Surveyor Trost")], regarding the placement of "flags and markings [on] the [Private Road] in order to determine areas of the on-going trespass of Defendant Wolfe's trees, limbs[,] and branches";
>
> (4) "On or about April 3, 2015, [Appellant Glenn Noblit and Appellants'] grandchildren[] were on the Private Road [when] . . . Defendant Greene accosted them, screaming they are not allowed to walk on [Appellants'] Private Road";

(5) "Additionally, on April 3, 2015, . . . while [Appellant Glenn Noblit] had his tools to connect the markers of Surveyor Trost, and [was] . . . using a chalk line string to connect the stakes to show what trees [were] to be removed, [the] Defendants approached the grandchildren, yelling and screaming, 'You [can't] f___ing do this.'  'That you don't have a license to do this.'  When son Austin[] put a string on a pin, Defendant Wolfe accused him of running away from what he destroyed and Defendant Greene got into [Appellant Glenn Noblit's] face and yelling, 'You son of bitch, you are not allowed to touch the stakes'";

(6) "Also on or about April 3, 2015 . . . , Defendant Greene . . . called [Appellant Glenn Noblit] a 'son of a bitch,' 'f___ you'[,] tore down the string, tangled it and threw it across the right-of-way. . . .  [Defendant] Greene said to [Appellant Glenn Noblit], 'I will spit all over you, if I f___in want to.'  At this point, Defendant Wolfe turned his backside toward [Appellant Glenn Noblit], yelling 'I use you to wipe my God damn ass.' . . .  The grandchildren stepped back from him and [one grandchild] hid behind the car door stating 'he was scared.'  A State Policeman appeared, stated this was a civil matter and had to go to another call.  As the officer left, [Defendant Greene said to Appellant Glenn Noblit] 'You are going to take all the paint off the trees you marked on the right of way.  You are going to scrub the paint off these trees'";

(7) "On or about . . . April 29, 2015, [Appellant Glenn Noblit] and a [Pennsylvania Power and Light (hereinafter "PPL")] serviceman [were] discussing connecting electricity [when] Defendant Wolfe [told Appellant Glenn Noblit] 'To get back in his vehicle and not to walk on the right-of-way because he was not allowed to be out of his vehicle on the right-of-way[']. . . .  Additionally, Defendant Wolfe told the PPL serviceman, "I am not going to tell you one more time, to get in your vehicle and get out of here.'  At this point, Defendant Greene came out of the house yelling[,] 'You are not allowed to stand on the right-of-way and you are not allowed here.'"

*Id.* at ¶ 6 (some internal capitalization omitted).

- 3 -

Although Appellants' complaint is not a perfect pleading and does not rise to the pinnacle of clarity, Appellants requested in the complaint that the trial court "abate this on-going conduct by the Defendants" and "issu[e] a permanent injunction against [the] Defendants from barring and preventing, in any manner, the blocking, obstructing[,] or intimidating harassment by any means against [Appellants'] ownership of [the] Private Road." *Id.* at 1 and "Wherefore" Clause.

On June 22, 2015, the Defendants filed preliminary objections in the nature of a demurrer to Appellants' complaint. Within the Defendants' preliminary objections, the Defendants claimed that, as a matter of law, Appellants were not entitled to a permanent injunction because "[a]ll of the harms described in the complaint can be compensated by damages, and are therefore not appropriate grounds for injunctive relief." The Defendants' Preliminary Objections, 6/22/15, at ¶ 3.

On March 10, 2016, the trial court sustained the Defendants' preliminary objections and dismissed Appellants' complaint with prejudice. Trial Court Order, 3/10/16, at 1. Within the trial court's later-filed opinion, the trial court explained the reasoning behind its order:

> In their complaint, Appellants allege three specific instances which they submit warrant issuance of an injunction. The first describes an instance in 2012 in which invitees of Appellants, as well [as] Appellants' son and grandchildren, were told by [the Defendants] that they were not allowed on the [Private Road]. Second, in 2013, Appellants' son was traveling on the [Private Road] when [Defendant] Greene "came screaming out" and attempted to stop him

from proceeding down the road. Finally, in 2014, [Defendant] Wolfe filed a motion to terminate Appellants' rights in the [Private Road].

As we held in [the] March 10, 2016 order, and as we hold now, none of these incidents warrant the issuance of an injunction. Appellants fail to demonstrate how the harm alleged cannot be compensated by monetary damages. Should [the Defendants] be found civilly or criminally liable for their interference with Appellants' ownership of the road, such liability could be accurately measured and awarded to Appellants.

Similarly, Appellants' [claim that the trial court erred when it dismissed their complaint without granting them leave to amend] is without merit. Where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. However, leave to amend is not required where it is clear that amendment is impossible or where granting leave to amend would be futile. Such is the case here. Assuming Appellants were granted leave to amend their complaint, it would not have altered the outcome. The only remedy sought by Appellants was issuance of an injunction. Even an amended complaint would not have justified such relief.

Trial Court Opinion, 5/27/15, at 2-3 (internal citations and some internal capitalization omitted).

Appellants filed a timely notice of appeal and now raise two claims on appeal:

1. Whether the [trial] court erred by sustaining [the Defendants'] preliminary objections in the nature of a demurrer, where [Appellants] properly and sufficiently pleaded unlawful interference with their right to use and enjoy their private road and requested an injunction to enjoin the interference?

2. Whether the [trial] court erred and abused its discretion by dismissing [Appellants'] complaint with prejudice and

without leave to amend, where the complaint sought injunctive relief that is expressly permitted by Pennsylvania law, and where the [trial] court recognized the availability of a remedy for the conduct described in the complaint?

Appellants' Brief at 4 (some internal capitalization omitted).

We have stated:

A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient.  Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.  All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred.  The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven.  This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.  When sustaining the [preliminary objections] will result in the denial of claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

*Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 966 (Pa. Super. 2009) (internal citations, quotations, and corrections omitted).

"In order to obtain permanent injunctive relief, a party must establish the following elements relative to their claims:  (1) the right to relief is clear, (2) the injunction is necessary to avoid an injury that cannot be compensated by damages, and (3) that greater injury will result if the court

does not grant the injunction than if it does." ***Mazin v. Bureau of Prof'l & Occupational Affairs***, 950 A.2d 382, 389 (Pa. Cmwlth. 2008); ***Kuznik v. Westmoreland Cty. Bd. of Comm'rs***, 902 A.2d 476, 489 (Pa. 2006). "Unlike a preliminary injunction, a permanent injunction does not require proof of immediate irreparable harm." ***Liberty Place Retail Assocs., L.P. v. Israelite Sch. of Universal Practical Knowledge***, 102 A.3d 501, 506 (Pa. Super. 2014). Moreover, with respect to property interests, our Supreme Court has held:

> Injury to property, with reference to its reasonable and ordinary use, by continuous hurtful acts, constitutes a nuisance undoubtedly, and may properly be the subject of equity jurisdiction, not only to redress the injured party by restraining the injurious acts, but in some cases by compelling the wrongdoer to make amends for the injury done. . . . It is well settled that a series of acts although criminal will not prevent equity from restraining them if the remedy at law is inadequate.

***Ashinsky v. Levenson***, 100 A. 491, 492 (Pa. 1917) (internal quotations and citations omitted).

In this case, the trial court held that Appellants' complaint does not state a claim for permanent injunctive relief because an award of monetary damages can compensate Appellants for all of their harm. Trial Court Opinion, 5/27/15, at 2-3. On appeal, Appellants argue that the trial court's conclusion is erroneous because the law does not provide an adequate remedy for the Defendants' continued harassment and interference with Appellants' use and enjoyment of their private property. Appellants note

that they seek "to enjoin the pattern of obstruction and harassment [and] to preserve [Appellants'] right to use and enjoy the private road."  Appellants' Brief at 10-11.  We agree with Appellants.  We thus respectfully vacate the trial court's order.

Read fairly, Appellants' complaint avers that the Defendants have engaged in a continuous **and continuing** course of conduct that has prevented and **is preventing** Appellants from the use and enjoyment of their Private Road.  Further, Appellants have averred that the Defendants' years' long scheme has included harassing, intimidating, and offensive actions against Appellants, Appellants' relatives, and Appellants' invitees.  Monetary relief simply cannot adequately compensate Appellants for these injuries or for the deprivation of the use and enjoyment of their property.  To paraphrase the Pennsylvania Supreme Court:

> Unless a [court] protects [Appellants], it is clear that [Appellants] will be deprived of the use and enjoyment of [their] property.  In such case, there is no adequate remedy [in] law for the unlawful acts of the [Defendants] which have been constantly recurring and threatening to continue, and equity clearly has jurisdiction . . . [to] enter such decree as will effectively protect [Appellants] in the use and enjoyment of [their] property.

**See Ashinsky**, 100 A. at 492.

Therefore, we conclude that Appellants properly pleaded that "the injunction is necessary to avoid an injury that cannot be compensated by damages."  **Mazin**, 950 A.2d at 389.  We respectfully conclude that the trial

court erred when it sustained the Defendants' preliminary objection in the nature of a demurrer.[1]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017

---

[1] As a result of our disposition, Appellants' second claim on appeal is moot.